IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMEON COLE, #R-13404, *also known as* DIVINE DESIRE COLE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 14-cv-01317-JPG |
| SALVADOR GODINEZ, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court for consideration is Dameon Cole's[1] first amended complaint (Doc. 8). The pleading focuses on an Eighth Amendment claim against Salvador Godinez, the Director of the Illinois Department of Corrections ("IDOC"), for allegedly failing to protect Plaintiff from the risk of an assault at Lawrence Correctional Center ("Lawrence").[2] Plaintiff is a transgender inmate and claims that Defendant Godinez is responsible for policies that endanger her safety. Director Godinez also ignored her emergency grievance seeking protective custody in 2014. She seeks monetary damages and a prison transfer.

The amended complaint (Doc. 8) is ripe for review pursuant to 28 U.S.C. § 1915A. Under Section 1915A(a), the Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] Plaintiff Cole is a transgender inmate, who prefers to be called Divine Desire Cole (Doc. 8, p. 1). Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff Cole.

[2] The Eighth Amendment claim was severed from an action that was originally filed by Jarvis Postlewaite and Dameon Cole together. *See Postlewaite, et al. v. Godinez, et al.*, Case No. 14-cv-1281 (S.D. Ill. 2014) ("original action"). In the original action and severance order, the claim is referred to as "Count 10" (Doc. 3, p. 9, original action) (Doc. 1, p. 9).

money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The pleading does not survive preliminary review under this standard.

## Amended Complaint

Plaintiff is a transgender inmate who is housed at Lawrence. She claims that the IDOC's housing policies place her, and other transgender inmates, at risk of assault (Doc. 8, p. 6). She vaguely alludes to two such policies, customs, or practices in the complaint. The first forces prisoners, including transgender inmates, within the IDOC to stave off inmate attacks by fighting, having sex, paying for protection, or refusing housing, all of which constitute rule violations. The second is the custom or practice among IDOC officials of "passing the buck;" officials with direct knowledge of the problems routinely ignore them until an injury occurs. The amended complaint also refers to grievances addressing a third practice at Lawrence that appears to be specific to Plaintiff; she is routinely assigned cellmates who are heterosexual or sexually active, increasing the risk that she will be assaulted[3] (Doc. 8, p. 9).

Plaintiff repeatedly expressed concerns about her safety to Lawrence officials in 2014 (Doc. 8, p. 6). On January 1st and June 21st, she requested protective custody. Warden Marc Hodge[4] denied her request. She also wrote an emergency grievance to Director Godinez. He ignored it. She brought a related lawsuit against Director Godinez and numerous other prison officials to address these concerns, but the claims against Director Godinez did not survive review under Section 1915A. *See Cole v. Johnson, et al.*, Case No. 14-cv-01059 (S.D. Ill. 2014)

---

[3] Plaintiff refers to two grievances in the amended complaint. One, dated January 21, 2014, was denied by Warden Marc Hodge (Doc. 8, pp. 9-10). In it, Plaintiff Cole seeks placement under "vulnerable" status, in a single cell, or in a cell with specific inmates she lists in the grievance. A second grievance, dated June 21, 2014, was filed as an exhibit to a complaint in another action. *See Cole v. Johnson, et al.*, Case No. 14-cv-01059 (S.D. Ill. 2014) (Doc. 12, pp. 12-13). That grievance addresses a request by Plaintiff to be placed in protective custody in order to be kept away from internal affairs officers, after she was issued a disciplinary report for having sexual intercourse with an inmate who, Plaintiff Cole later discovered, was HIV-positive.

[4] Warden Hodge is not named in this action.

(Doc. 11, p. 7). They were dismissed without prejudice. Plaintiff Cole commenced this action in order to re-plead the Eighth Amendment failure to protect claim against Director Godinez. She seeks monetary damages and a prison transfer (Doc. 8, p. 7).

## Discussion

Plaintiff Cole's claims against Director Godinez are subject to dismissal for the same reasons they were dismissed as meritless in *Cole v. Johnson, et al.*, Case No. 14-cv-01059 (S.D. Ill. 2014) (Doc. 11). In both lawsuits, she claims that Director Godinez is responsible for the overall operation of the IDOC and for several policies, customs, and/or practices that increase the risk of assault on transgender inmates. It is true that the claims against Director Godinez were dismissed without prejudice in the prior lawsuit, and Plaintiff was free to re-plead the claims in that action or in a new lawsuit (*Id.*). However, Plaintiff Cole cannot expect the claims to survive preliminary review under Section 1915A by offering the same allegations that the Court already found unpersuasive. Unfortunately, Plaintiff's amended complaint adds nothing of substance to the claims (*Id.*).

Plaintiff raises individual and official capacity claims against Defendant Godinez in the amended complaint. She attributes several policies, customs, or practices to Director Godinez. She also alleges that Director Godinez ignored one of her emergency grievances requesting protective custody. As pleaded, Plaintiff's amended complaint still states no claim for relief.

The official capacity claim against Director Godinez fails. A suit against a state official, who is acting in his official capacity, is treated as a suit against the State in which that official works. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As a general rule, states are immune from suits for money damages pursuant to the Eleventh Amendment. *See Will*, 491 U.S. at 66. This amendment has not been abrogated for Section 1983 litigation. The State of Illinois

has also not waived its immunity. Therefore, the official capacity claims against Director Godinez in this suit for money damages are barred. *Id.* at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under [Section] 1983.") (internal citation omitted); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages.); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (State Department of Corrections is immune from suit by virtue of Eleventh Amendment.); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). The official capacity claims against Director Godinez for money damages fail.

However, the Court must still consider whether an individual capacity claim has been stated. Eleventh Amendment immunity does not apply to such claims. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior*, under which a supervisor may be held liable for a subordinate's actions, does not apply to actions filed under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Chavez v. Illinois State Police,* 251 F.3d 612, 651. Although the doctrine of *respondeat superior* is not applicable, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez*, 251 F.3d at 651. Allegations that an agency's senior officials were personally responsible for creating the policies, practices, or customs that caused the

constitutional deprivations suffice to demonstrate personal involvement. *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002).

Director Godinez's supervisory position, standing alone, supports no finding of personal involvement in the alleged constitutional deprivation. And Plaintiff's bald assertion that Director Godinez was responsible for the policies, customs, or practices that increased Plaintiff's risk of assault fails to satisfy basic pleading standards. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 8. Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. The allegations regarding the policies, customs, or practice are threadbare and do not suggest that any policy, custom, or practice traceable to Director Godinez deprived Plaintiff of a protected right. Finally, Director Godinez cannot be held liable based solely on his involvement in the grievance process. *See Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009). Even a charitable reading of the amended complaint does not support a finding of personal involvement on the part of Director Godinez.

Having once again failed to state any official or individual capacity claims under the Eighth Amendment against Director Godinez, the amended complaint and this action are subject to dismissal.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **GODINEZ** is **DISMISSED** without prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, she will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 26, 2015**

*s/J. Phil Gilbert*
**United States District Judge**